In the present case, however, the learned justice in the court below went far beyond these limitations. In urging jurors to agree, it is not to be forgotten that they have a right to disagree, and that, if they are not honestly of one mind, it is their duty to disagree. The necessity for having a jury arrive at their verdict free from any suggestion of threats or coercion has been so clearly pointed out by Chief Justice Parker in People v. Sheldon, 156 N. Y. 277, 50 N. E. 840, 41 L. R. A. 644, 66 Am. St. Rep. 564, that any further comment upon it is unnecessary.

From the record before us we cannot infer that the verdict of the jury was the result of a consideration of the evidence and the law. As was said in Green v. Telfair, supra:

"A verdict thus obtained ought not, I think, to be conclusive upon the parties. It is not what the law contemplates—the free and independent judgment of 12 indifferent men, acting without constraint, and with sole regard to the obligation they had taken upon themselves to render a true verdict according to the evidence. I think sound policy and a faithful maintenance of the right of trial by jury require that this verdict should not be allowed to stand."

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

### FISK RUBBER CO. v. TIMES SQUARE AUTOMOBILE CO.

(Supreme Court, Appellate Term. November 30, 1909.)

Appeal from City Court of New York, Trial Term.

Action by the Fisk Rubber Company against the Times Square Automobile Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

William Paul Buchler, for appellant.
Truax & Watson, for respondent.

PER CURIAM. Order and judgment reversed, and new trial ordered, with costs to appellant to abide the event, upon the opinion in Levinson v. Zipkin (City Court Judgment, October Term, 1909) 119 N. Y. Supp. 680.

---

### MISHKIND–FEINBERG REALTY CO. v. ROSENHAFT.

(Supreme Court, Appellate Term. November 30, 1909.)

1. COURTS (§ 189*) — MUNICIPAL COURTS — SUMMARY PROCEEDINGS—VACATING ORDER—JURISDICTION.

A tenant in summary proceedings in the Municipal Court of the city of New York is not entitled to a vacation of the default order awarding possession to the landlord on motion on all the papers and proceedings had therein, on the ground that the court was without jurisdiction, as there was no personal service of the precept on the tenant, and the affidavit of service was defective.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes